

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Lauren J. Marcus
973.848.4707 direct
973.556.1533 fax
lmarcus@littler.com

December 22, 2022

In light of the fact that Defendant's pending motion to dismiss may result in the dismissal of this matter, I shall hold Plaintiff's partial motion for summary judgment and the accompanying briefing, (Docs. 22 & 28–31), in abeyance until the motion to dismiss is decided.  Defendant shall file their reply, if any, to Plaintiff's opposition to Defendant's motion to dismiss, (Doc. 21.), on or before January 12, 2023, consistent with my prior order.  (Doc. 16.)

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**SO ORDERED:** 1/6/23

*[signature]*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

**Re:**   ***Roddey v. Menon***
      ***Case No. 1:22-cv-07183 (VSB)***

Dear Judge Broderick:

This firm represents Defendant Rajesh Menon ("Defendant") in the above-referenced matter.  We write to respectfully request either the administrative termination of Plaintiff's pending "Cross-Motion to Convert Plaintiff's Opposition to Defendant's Motion To Dismiss Pursuant to FRCP 12(b)(6) to Plaintiff's Motion For Partial Summary Judgment Pursuant to FRCP 56 and 12(d)" ("Cross-Motion"), or alternatively, a conference with the Court to address several procedural deficiencies in Plaintiff's Cross-Motion. (ECF #22-#26).

By way of background, on October 25, 2022, Defendant moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF #11). One of the grounds on which Defendant seeks dismissal is that Plaintiff's claims are barred by the applicable statute of limitations. On December 12, 2022, Plaintiff filed her opposition to Defendant's Motion to Dismiss, as well as the separate Cross-Motion for partial summary judgment. Plaintiff's Motion for Partial Summary Judgment seeks summary judgment on: (1) Plaintiff's first cause of action for fraudulent concealment and equitable tolling; (2) retaliation under 42 U.S.C. Section 1981; and (3) application of equitable tolling on all other claims.  (ECF#21; ECF #22-#26).

By filing her Cross-Motion with a supporting brief in addition to a brief in opposition to Defendant's pending Motion to Dismiss (ECF #21), Plaintiff improperly seeks to get two "bites at the apple" to oppose Defendant's Motion.  Plaintiff's briefs also violate Your Honor's Individual Rules regarding limitations on brief length.  *See* Judge Broderick's Individual Rules and Practices in Civil Cases, ¶4(B).  Additionally, the filing of a motion for summary judgment is premature where a defendant has not yet filed an Answer to the Complaint.

The Honorable Vernon S. Broderick
December 22, 2022
Page 2

According to Plaintiff, this Court should convert Defendant's Motion to Dismiss into one for summary judgment because Defendant submitted his deposition transcript as an exhibit to his motion to dismiss and he has a "reasonable opportunity to defendant against Plaintiff's motion." (*See* ECF #26, p. 3).  Although on a Rule 12(b)(6) motion courts are typically constrained in their review to the four corners of the complaint, the Court can consider documents integral to the complaint or incorporated by reference without converting the motion to one for summary judgment.  *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 293 (S.D.N.Y. 2018) (citations omitted).  Plaintiff conveniently ignores that Defendant's deposition transcript is not only integral to the Complaint, but that the Complaint's allegations and claims are based largely on Defendant's deposition testimony. Indeed, Plaintiff's Complaint references (and misrepresents) Defendant's deposition testimony over a dozen times. In contrast, Plaintiff asks this Court to consider her Declaration and ***twelve exhibits totaling over 1,000 pages in length***, most of which are not integral to the Complaint or incorporated by reference.

Courts have "considerable discretion" in choosing whether to convert a Rule 12(b)(6) motion.  *Allen v. Chanel Inc.*, No. 12 Civ. 6758, 2013 WL 2413068, at *4 (S.D.N.Y. June 4, 2013).  "The majority of the cases in this district only convert 12(b)(6) motions to ones for summary judgment where a party has explicitly asked for that relief in the alternative."  *Casey,* 338 F. Supp. 3d at 295 (citations omitted).  Moreover, courts routinely deny motions for summary judgment as premature when the nonmovant has not filed a responsive pleading and discovery has not started. *See Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 188–89 (S.D.N.Y.2014) (quoting FED. R. CIV. P. 56 Advisory Committee Notes); *DeLuca v. Access IT Grp., Inc.*, 695 F. Supp. 2d 54, 61 (S.D.N.Y. 2010) (declining to convert a motion to dismiss to a summary judgment motion as "discovery has not yet commenced.").

Here, discovery has not started and Defendant has not filed an Answer.  In addition, conversion is inappropriate because Defendant never contemplated conversion, did not request same, and does not have an opportunity to present all material relevant to a motion for summary judgment. Contrary to Plaintiff's bald assertion, Defendant had no reason to reasonably recognize the possibility his motion to dismiss might be converted into one for summary judgment.

Plaintiff's Cross-Motion is also procedurally deficient because she asks this Court to treat her Cross-Motion as an opposition to Defendant's motion to dismiss despite having filed a separate opposition the same day. (*See* ECF #21; ECF #22).  Thus, Plaintiff has filed two separate briefs (both making the same arguments regarding fraudulent concealment and equitable tolling) totaling approximately 50 pages in length and has indicated she will also seek to file a reply brief in further support of her Cross-Motion.  Even if this Court was inclined to consider Plaintiff's Cross-Motion, it would be improper to allow Plaintiff to submit two briefs totaling almost 50 pages in length in direct contravention of Your Honor's judicial preferences.

Therefore, Defendant respectfully requests that the Court administratively terminate Plaintiff's Cross-Motion and direct Defendant to respond only to Plaintiff's opposition (ECF #21)

The Honorable Vernon S. Broderick
December 22, 2022
Page 3


to his motion to dismiss.  Alternatively, Defendant requests a conference with Your Honor as soon as possible to discuss the issues raised in this letter and for a determination on whether the Court will convert Defendant's motion to dismiss into a summary judgment motion under Rule 12(d). Given the circumstances and Plaintiff's filings, without that determination, Defendant has no way of knowing how to formulate his response to Plaintiff's filings.  The undersigned will make themselves available at Your Honor's convenience.

   We thank the Court for its consideration of this request.

           Respectfully submitted,


           */s/ Lauren J. Marcus*
           Lauren J. Marcus, Bar No. 5131123
           lmarcus@littler.com
           One Newark Center
           8th Floor
           Newark, NJ 07102
           Telephone: 973.848.4707
           Facsimile: 973.556.1533

           Benson E. Pope, Bar No. 583730
           (admitted pro hac vice)
           bpope@littler.com
           3424 Peachtree Road N.E.
           Suite 1200
           Atlanta, GA 30326.1127
           Telephone: 404.233.0330
           Facsimile: 404.233.2361


LJM/BEP


cc:  All Counsel of Record (via ECF)
4861-7701-7925.2 / 060893-1124