Defendant's motion for sanctions, (Doc. 38), is hereby held in abeyance pending my decision on Defendant's motion to dismiss.

SO ORDERED: 1/24/23

*[signature]*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Susan Ghim
Law Office of Susan Ghim
244 Fifth Avenue,
New York, NY
646-889-1011 / SGhim

January 23,

VIA ECF ONLY:
Honorable Vernon S. Broderick, USDJ
United States District Court, SDNY
40 Foley Square
New York, NY 10007

Re: Roddey v. Menon 22cv7183 (VSB) Request for extension of time to oppose Defendant's Motion for Sanctions under Rule 11.

As your Honor is aware, undersigned counsel represents Plaintiff Coretta Roddey ("Roddey") in the above referenced action. On or about January 19, 2023, Defendant filed a FRCP 11 sanctions motion against Plaintiff and the undersigned because Plaintiff would not withdraw her Complaint. [ECF doc 38-40] An opposition to the sanctions motion is currently due on or about February 2, 2023. For the reasons set forth *infra,* Plaintiff requests an extension of time to file an opposition brief to the sanctions motion until two (2) weeks after this Court renders a decision on Defendants' pending 12(b) motion to dismiss or hold the motion in abeyance similar to Plaintiff's cross motion for summary judgment. [ECF doc 33] This is Plaintiff's first request for an extension on the sanctions motion. On or about October 26, 2022, Plaintiff previously requested and was granted an extension to file her memorandum of law in opposition to Defendant's motion to dismiss. [ECF doc. 33] On or about January 20, 2023 at about 1:26pm, undersigned counsel requested an extension by email to opposing counsel. As of the filing of this complaint, opposing counsel Benson Pope or Lauren Marcus did not respond.

There is a FRCP 12(b)(6) motion to dismiss pending before the Court that was filed by the Defendant Rajesh Menon ("Menon") on or about October 25, 2022. Plaintiff timely filed her brief in opposition to the motion on or about December 12, 2022. [ECF doc. 21] Reply to Plaintiff's Opposition by the Defendant is due on or about February 1, 2023. [ECF doc. 37]

The sanctions motion and the motion to dismiss should not be jointly opposed or argued by Plaintiff. The Second Circuit held in *Healey*, "it is inappropriate to require that the parties argue jointly the question of sanctions and the merits." *See, Healey v. Chelsea Resources*, Lt., 947 F2d 611, 623 (2d Cir. 1991) The *Healey* Court explained, "Combining consideration of the merits with consideration of sanctions against the trial attorney also poses untenable alternatives for the attorney, for to protect himself counsel may, as suggested above, be forced to point up relative weaknesses in his client's trial evidence." Id. The *Healey* Court also explained that, "the potential for conflict is inherent in a sanctions motion that is directed against both the client and a lawyer even when as here, the two agree that an action was fully warranted." Id. Similarly in this case, Plaintiff and undersigned counsel agreed that this action was fully warranted and would be forced to argue against both a motion to dismiss and sanctions motion, placing both of us in an untenable

1

position that may undermine and prejudice Plaintiff's claims.  Equally important, is that Defendant is getting two bites at his motion to dismiss to address issues in the sanctions motion what he neglected to address in his motion to dismiss brief which was 14 pages despite Your Honor's 25 page limit.  Defendant complained that Plaintiff's cross motion prejudiced his motion so that the Court held the cross motion in abeyance until the motion to dismiss is decided.  [ECF doc.33]

Defendant improperly sought recovery of attorneys fees for defeating a §1981 claim through Rule 11.  §1988 states in relevant part, "In any action or proceeding to enforce a provision of sections…42 USCS §§ 1981-1983…the court, in its discretion, may allow the prevailing party, …a reasonable attorney's fee as part of costs…"  §1988 is an attorney fees provision implemented to encourage, not to deter §1981 claims.  *See e.g. Healey v. Chelsea Resources, Ltd.,* 947 F2d 611, 624 (2d Cir. 1991) (The Court held, "…§1988…makes no provision for imposing upon plaintiff's counsel the burden of fees awarded to a prevailing defendant." [internal citations omitted])

Defendant has filed a groundless sanctions motion.  Rule 11 imposes sanctions based on papers signed by an attorney. Id. at 622   The standard by which a complaint is determined to be frivolous is whether the complaint "utterly lacked support" and not whether the attorney was wrong on the facts or the law or that the complaint was dismissed for lack of "merit." *See, Salvini v. ADVFN PLC*, 2016 US Dist. LEXIS 56157 at *7 and *9 (SDNY, 2016) (This court denied sanctions stating, "[t]he Second Circuit has made clear that Rule 11 sanctions should be granted with cause, applied only when a particular allegation is utterly lacking in support…[m]isunderstanding the law or attempting to extend the law to a novel application is not an appropriate basis for sanctions.") In the subject sanctions motion, Defendant's counsel stated for instance, that there were mischaracterizations of Defendant's deposition testimony in the complaint without citing to the deposition transcript.  Undersigned counsel denies making any mischaracterizations about Defendant's deposition testimony.  However, 1) Defendant admits the complaint was based on deposition testimony which fails the utterly lacking support standard and 2) even assuming arguendo that the allegations mischaracterized Defendant's testimony, mischaracterizations do not justify imposition of  sanctions.  In *Taitt,* the court stated, "Rule 11…contemplates motions for ungrounded pleadings or motions, not attorney dishonesty…At best, plaintiff's counsels characterizations …stretch the truth…it is not within the purview of Rule 11…such characterizations cannot themselves go to the merits of the motion.  Defendant's request is denied." *Taitt v. Chemical*  1986 US Dist LEXIS 25289 at *17-18 (SDNY 1986) The *Taitt* court underscored, "Rule 11 sanctions the filing of papers that are without legal or factual support.  It does not guarantee legal quality control." *Id.* at *19 *See also, Healey v. Chelsea Resources, Ltd.,* 947 F2d 611, 626, (2d Cir. 1991) (This Court held that neither of these bases were appropriate for imposing sanctions "(1) the lack of evidence…and (2) the court's finding that [Plaintiff's] testimony was entirely incredible. Neither basis was appropriate.");  The instant complaint cited the applicable statutes, common law theory and prima facie requirements for each claim which squarely refuted Defendant's contention that the complaint was frivolous or "utterly without [legal] support." *See, Healey v. Chelsea Resources, Ltd*,  947 F2d 611, 626 (2d Cir., 1991)  (This Court held, "[i]n determining whether or not a claim was totally unfounded, the courts must strive to avoid the wisdom of hindsight in determining whether a pleading was valid when signed, and any and all doubts must be resolved in favor or the signer.")  Defendant may not base his sanctions motion against the undersigned regarding the opposition brief as it was filed on December 12, 2023 and Defendant served his Motion for Sanctions on or about December 1, 2023.

2

Defendant and his attorneys remain willfuly ignorant of Second Circuit Courts' warnings that sanctions motions should only be awarded with judicial restraint and only in egregious cases where there is utterly no factual or legal support for the complaint. *See also, Cabrera v. Dream Team Tavern Corp.*, 2016 US Dist. LEXIS 201621 *7 (Rule 11 denied where plaintiff cited caselaw and other documents in support of his claims.) As set forth *supra*, the Second Circuit has also warned that sanctions should not be awarded merely because a complaint was dismissed as meritless and should not be determined together with the merits of a complaint as it undermines and prejudices a Plaintiff. *See, Healey v. Chelsea Resources, Ltd.*, 947 F2d 611, 626 (2d Cir. 1991) The instant complaint provided numerous references to documents and Defendant's deposition testimony, which defeated Defendant's contentions of frivolous claims under the "utterly without support" standard. Additionally, undersigned counsel provided relevant case law in email exchanges from on or about October 2022 through on or about January 19, 2022 to counsel Pope and in the opposition brief to Defendant's motion to dismiss to directly controvert Defendant's contentions of frivolity and in support of Plaintiff's claims.

<u>Defendant retaliated against Plaintiff</u> by filing the sanctions motion by threatening to seek attorneys fees and costs if Plaintiff did not withdraw her complaint since on or about October 2022. To date, this Court has made no determination, recommendation or warning about the merits of the Complaint. Defendant based this threat against Plaintiff on his mere disagreement with the Complaint. Notwithstanding, Benson Pope, attorney for Defendant stated in his letter dated on or about December 1, 2022, "As you know, on October 20, 2022, we advised you that the Complaint in this action is frivolous and requested that you withdraw the Complaint…To date, you have declined to do so…Therefore, I have enclosed a copy of Defendant's Notice of Motion ...for Rule 11 Sanctions which we will file if you fail to withdraw the Complaint…" [ECF doc. 40-21] The filing of a complaint of discrimination was protected activity within the meaning of 42 USC §1981. A motion is a legal proceeding and legal proceedings may constitute an adverse employment action within the meaning of retaliation claims. *See, Torres v. Gristede's Operating Corp.*, 628 F. Supp 2d 447, 472 (SDNY 2008) *aff'd Torres v. Gristede's Operating Corp.*, 519 Fed. Appx. 1 (2d Cir. 2013) As the Second Circuit courts have held, "[b]ad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights are actionable retaliation precisely because of their in terrorem effect." Id. In *White*, the Supreme Court held, that claims of retaliation are not limited to "actions or harms" that "occur in the workplace" but are actions of the employer that are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *See Burlington Northern v. White*, 548 US 53, 57 (2006) Even though the sanctions motion was not made in the workplace or during Plaintiff's employment, it was publicly filed "in terrorem" against Plaintiff and other employees with potential claims to dissuade them from making and supporting a charge of discrimination against Defendant. Defendant sent an unmistakable public message to Plaintiff and others that he will counter-sue with unlimited legal resources, anyone who dares to file any complaint against him.

<u>Defendant's sanctions motion failed to show</u> how the instant complaint harassed, vexed or oppressed him other than it has inconvenienced him. Conversely, Defendant's sanctions motion established his harassing, vexing and oppressive conduct toward Plaintiff as set forth *supra*. Defendant is a partner of Infosys, a multi billion dollar international corporation with a much stronger bargaining power and unlimited legal resources.

Based on the foregoing, Plaintiff respectfully requests that the due date on her opposition to Defendant's Sanctions motion be extended or held in abeyance, until after the determination of Defendant's motion to dismiss. Thank you.

Respectfully submitted,

/s/ Susan Ghim

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Susan Ghim

Via ECF only to: All attorneys of Record.